IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WESTERN HERITAGE INSURANCE
COMPANY, a foreign corporation,

            Plaintiff,

v.                                    CIVIL ACTION NO. 2:03-0097

HARVEY TRUCKING, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 19, 2005, the Court ordered the defendant Dora Bell Vance McClanahan to show cause within ten days as to why summary judgment should not be granted in favor of the plaintiff Western Heritage Insurance Company and why the case should not be dismissed and stricken from the docket [Docket 159]. The time limit has expired, and defendant McClanahan has failed to respond. Accordingly, the court **GRANTS** the plaintiff's motion for summary judgment pending before the court through the plaintiff's supplemental memoranda of law [Docket 25, 31, 35].

The events giving rise to this case occurred on January 30, 2002, when defendant Dora Bell Vance McClanahan was seriously and permanently injured in a car accident. McClanahan was a passenger in a car allegedly forced off the road when approached by a tractor truck traveling left of center. Harvey Trucking, Inc. (Harvey Trucking) owned the truck, and one of its employees, Russell Armstrong, was driving it at the time of the accident. McClanahan instituted an action in the Circuit Court of McDowell County against Harvey Trucking and Armstrong.

Harvey Trucking maintained a business auto policy with National Casualty Company (National Casualty). National Casualty retained counsel and has defended Harvey Trucking in the

circuit court action. Harvey Trucking had also purchased a Commercial General Liability policy (the Policy) from plaintiff Western Heritage Insurance Company (Western Heritage). Upon learning that McClanahan intended to seek coverage from Western Heritage above the limits of Harvey Trucking's business auto policy, Western Heritage instituted this action seeking declaratory judgment. In an order entered on February 25, 2004, the court held, while deciding cross motions for summary judgment, that the Policy's auto-use exclusion precluded coverage under the excess insurance and liability provisions. The court further held that the doctrine of reasonable expectations was inapplicable because the Policy was not ambiguous. Of the remaining issues, the court requested further briefing on the Policy's products-completed hazard provision and noted that "McClanahan also appears to assert that Harvey Trucking should receive excess coverage based on its insurance agent's representations such coverage existed under the CGL policy . . . If McClanahan asserts a claim under *Potesta v. U.S. Fidelity & Guar. Co.*, 202 W. Va. 308, 504 S.E. 2d 135 (1998), she must properly articulate it with appropriate citations to the factual record."

On March 8, 2004, McClanahan filed a Motion to Amend Judgment, directing the court's attention to the affidavit of Wallace Harvey, President of Harvey Trucking. The affidavit, which had been submitted as an exhibit to her December 1, 2003 motion for summary judgment, indicated that when Harvey purchased the CGL Policy, the agent told him it was excess insurance over and above any other insurance covering Harvey Trucking. According to the affidavit, Harvey bought the Policy because he believed it would cover Harvey Trucking for any negligence committed in the course of operating his business over and above the policy with National Casualty Insurance Company. On the basis of the facts presented in Harvey's affidavit, McClanahan asked the court to estop Western Heritage from denying coverage pursuant to the holding in *Potesta*.

Subsequently, in an order dated June 22, 2004, the court addressed the remaining summary judgment issues, including McClanahan's assertions regarding estoppel under *Potesta*. Although

the court held that the products-completed operations hazard provision did not provide coverage, it did find that "McClanahan has now sufficiently articulated a *Potesta* claim." The court found that the set of facts presented in Harvey's affidavit and argued in McClanahan's motion to amend judgment conformed to the precise type of situation *Potesta* was designed to address. In the June 22, 2004 order, the court permitted a sixty-day discovery "to address matters such as the specific representations that were made, the identity of the agent, the agent's relationship to Western Heritage, and other potential lines of inquiry."

On September 24, 2004, Western Heritage filed a motion for leave to amend its complaint to assert claims for indemnity and contribution against Accordia and Unified, both agents involved in the sale of the Policy. On November 4, 2004, this court granted the motion. On March 4, 2005, defendant McClanahan filed a motion for leave to file an amended answer to include a cross-claim based on *Potesta* against Accordia, Mike Reger, and Unified, and on March 30, she filed an amended motion for leave to file an amended answer to include a cross-claim and third party complaint against Accordia, Mike Reger, and Unified. On April 1, 2005, however, McClanahan filed a notice of withdrawal of the motion for leave to file an amended answer and amended motion for leave to file an amended answer and third party complaint. On April 4, 2005, defendant McClanahan filed notice and motion for voluntary dismissal of the action as to any pending Potesta claim. In her motion, McClanahan asserts that neither the complaint nor the counterclaim articulates a *Potesta* cause of action. Moreover, McClanahan argues that the court's June 22, 2004 order invited McClanahan to proceed against Western Heritage on a *Potesta* claim, but that she has never filed a complaint against Western Heritage in federal court based on *Potesta* and does not intend to do so.

The court's February 25, 2004 and June 22, 2004 orders regarding cross motions for summary judgment found in favor of Western Heritage on all coverage issues and left no defense

other than *Potesta* estoppel open to defendant McClanahan. McClanahan's motion for voluntary dismissal of any pending *Potesta* claim and subsequent failure to respond to the court's show cause order removes any impediment to a grant of summary judgment in favor of the plaintiff Western Heritage. Accordingly, the court **GRANTS** the plaintiff's motion for summary judgment pending before the court through the plaintiff's supplemental memoranda of law [Docket 25, 31, 35].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

                        ENTER:        June 9, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE